# UNITED STATES DISTRICT COURT
# DISTRICT OF TENNESSEE

PACE INDUSTRY UNION-MANAGEMENT )
PENSION FUND and its TRUSTEES: BOYD YOUNG, )
RON HACKNEY, GERALD JOHNSTON, )
DALE OLSON, GARY BEEVERS, )
TIMOTHY SUDELA, JAMES KIDDER, and )
LISA SILVERMAN )
)
)
3320 Perimeter Hill Drive )
Nashville, TN 37211-4123 )
)
                               **Plaintiffs,** )
)
v. )
)
ATLAS REFINERY, INC. )
)
142 Lockwood Street )
Newark, NJ 07105 )
)
     Serve: Steven B Schroeder )
          Atlas Refinery, Inc, )
          142 Lockwood Street )
          Newark, NJ 07105 )
)
                               **Defendant.** )
)

## COMPLAINT

Plaintiffs, by counsel, hereby complain of Atlas Refinery, Inc. (hereinafter referred to as "Defendant") as follows:

### Jurisdiction and Venue

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337 (federal questions and commerce) and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1) and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. §185.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**Parties and Background**

3. Plaintiff PACE Industry Union-Management Pension Fund (the "Fund") is a multi-employer employee benefit plan within the meaning of Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and 1002(37).

4. Plaintiffs Boyd Young, Ron Hackney, Gerald Johnston, Dale Olson, Gary Beevers, Timothy Sudela, James Kidder, and Lisa Silverman are Trustees of the Fund (collectively, the "Trustees"). The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). The Fund is administered in Nashville, Tennessee. The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

5. On information and belief, Defendant, Atlas Refinery, Inc., is a New Jersey corporation with a primary place of business at 142 Lockwood St, Newark, NJ 07105.

6. Defendant and PACE Local 2-406, and have been at all times pertinent to this action, parties to one or more collective bargaining agreements ("Agreements") obligating Defendant to make monthly payments to the Fund for all employees covered by the Agreements.

7. Defendant also is a party to a Standard Form of Agreement for Participation in the PACE Industry Union-Management Pension Fund ("Participation Agreement"). The terms of the Participation Agreement obligate the Defendant to be

2

bound by the terms and provisions of the Fund's Agreement and Declaration of Trust ("Trust Agreement"), including all amendments thereto.

8. The Trust Agreement requires the Defendant to submit monthly remittance reports and pension contributions to the Fund.

9. The Defendant neither paid the Fund contributions for the months of July 2008 through December 2008, nor provided remittance reports to the Fund.

10. Because the Defendant has not provided remittance reports for this period, the Fund has estimated that the Defendant owes contributions to the Fund in the amount of $5,400 for the months of July 2008 through December 2008, plus interest and liquidated damages.

11. Interest on the total amount of unpaid contributions in paragraphs 10 is accruing from the date due and continuing until payment is received.

12. Liquidated damages of twenty percent (20%) of the delinquent amounts described in Paragraph 10 are owed as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) in the total amount of $1,080.

13. Unless ordered by this Court, the Defendant will continue to refuse to provide remittance reports and refuse to pay, in a timely manner, required contributions to the Fund.

14. Defendant is indebted to the Fund in the minimum amount of $6,480, plus interest, and attorney's fees and costs.

## Count I
## Violations of ERISA

15.     Plaintiffs incorporate Paragraphs 1 through 14 as if stated herein.

16.     By the foregoing conduct, the Defendant violated Section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs pray that the Court:

A.      Order the Defendant to pay to the Fund:

(1)     the sum of all delinquent payments;

(2)     interest on all amounts due, from the dates they become due and owing as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3)     attorneys' fees and other costs and disbursements in this action as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(4)     liquidated damages of twenty percent (20%) of the delinquent amounts as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

(5)     additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of the Defendant's employment records.

B.      Order the Defendant to provide monthly remittance reports to the Fund.

C.      Restrain and enjoin the Defendant, its officers, agents, servants, attorneys, successors, assigns and all persons acting on its behalf or in conjunction with it from:

(1)     refusing to timely file remittance reports due the Fund for all periods for which the Defendant is obligated to file such reports under the terms of a collective bargaining agreement;

(2)     failing or refusing to submit to an audit by the Fund of its payroll records and other documents relevant to determining all the amounts of contributions it owes as required by plan documents and the collective bargaining agreement;

(3) failing or refusing to furnish information reasonably determined by the Fund to be necessary to enable the Fund to comply with the requirements of the MPPAA, including assessing withdrawal liability against the Defendant; and

(4) failing or refusing to pay to the Plaintiffs all amounts, including contributions, late fees, interest, liquidated damages and costs due to the Trust for which the Defendant is obligated to make payments under the terms of the collective bargaining agreement;

D. Retain jurisdiction of this case pending compliance with its Orders;

E. Grant such other and further relief as the Court may deem just.

Respectfully submitted,

/s/Michael Hamilton
Michael Hamilton (Bar # 010270)
PROVOST UMPHREY, LLP
One Burton Hills Boulevard, Suite 380
Nashville, Tennessee 37215
(615) 242-0199 (tel)
(615) 256-5922 (fax)

Christopher J. Schulte
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-8700 (tel)
(202) 234-8231 (fax)

Counsel for Plaintiffs

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

159759v1